UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| WILLIAM J. GRADFORD, | No. 1:20-cv-00543-NONE-EPG (PC) |
|---|---|
| Plaintiff, | FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S MOTION TO AUTHENTICATE WITNESS STATEMENTS BE DENIED, WITHOUT PREJUDICE |
| v. | |
| F. VELASCO and T. WEBSTER, | |
| Defendants. | (ECF No. 37) |
| | FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S REQUEST FOR LEAVE BE DENIED WITHOUT PREJUDICE |
| | (ECF No. 39) |
| | FOURTEEN-DAY DEADLINE |

Plaintiff William J. Gradford ("Plaintiff"), a former pretrial detainee proceeding *pro se* and *in forma pauperis* in this civil-rights action brought under 42 U.S.C. § 1983, commenced this action by filing a complaint on April 16, 2020. (ECF No. 1). On April 2, 2021, Plaintiff filed a document entitled "request as to authenticate witnesses signed statements attached to original complaint and submit into evidence (admissible)." (ECF No. 37). On April 14, 2021, Plaintiff filed a Request for Leave. The Court construes both filings as motions. (ECF No. 39). For the following reasons, the Court recommends denying both.

///

### I.   MOTION TO AUTHENTICATE WITNESS SIGNED STATEMENTS

Plaintiff's motion appears to request that the Court authenticate and find admissible several signed affidavits. Such a request is premature. There is no current need to use evidence in this matter. Dispositive motions are due on May 14, 2021 and trial has not yet been set. (ECF No. 29). Plaintiff has not sought to introduce any evidence at this time, nor have Defendants objected to any. Accordingly, the Court recommends denying the motion without prejudice.

### II.   REQUEST FOR LEAVE

The Request for Leave requests no specific relief. Therefore, it is not a proper motion and the Court recommends denying it without prejudice. *See Melendez v. United States*, 518 U.S. 120, 126 (1996) (quoting Black's Law Dictionary 1013 (6th ed. 1990)) ("[T]he term 'motion' generally means 'an application made to a court or judge for purpose of obtaining a rule or order directing some act to be done in favor of the applicant.' " (quoting Black's Law Dictionary (6th ed.) (brackets omitted)); *Tagle v. Nevada*, 2017 WL 11496980, at *1 (D. Nev. June 14, 2017) ("Tagle's Motion does not request any specific relief from the Court, let alone provide factual or evidentiary support or legal authority for his motion. Accordingly, the motion is denied."); *Tyler v. Scott*, 124 F.3d 192 (5th Cir. 1997) (table, unreported) (denying "a motion concerning jurisdiction which does not request any form of relief"); *Crenshaw v. City of Defuniak Springs*, 891 F. Supp. 1548, 1559 (N.D. Fla. 1995) ("The plaintiff's other motion … recapitulates allegations from previous motions, but does not request relief, and is denied."); *United States v. Moussaoui*, 2002 WL 1987912, at *1 (E.D. Va. July 30, 2002) ("Because this 'motion' does not request any specific relief, it is DENIED.").

### III.   FINDINGS AND RECOMMENDATIONS

For the foregoing reasons, it is HEREBY RECOMMENDED that Plaintiff's request to authenticate (ECF No. 37) and request for leave (ECF No. 39) be DENIED, WITHOUT PREJUDICE.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, the parties may file

written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **April 16, 2021**                               /s/ *Erica P. Grosjean*
                                                        UNITED STATES MAGISTRATE JUDGE