UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM J. GRADFORD,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>F. VELASCO and T. WEBSTER,<br><br>　　　　　Defendants. | No. 1:20-cv-00543-NONE-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING DENYING PLAINTIFF'S MOTION DISMISS<br><br>(ECF No. 42)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING GRANTING PLAINTIFF'S MOTION TO WITHDRAW MOTION TO DISMISS<br><br>(ECF Nos. 49)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING DENYING PLAINTIFF'S MOTION FOR AN ORDER<br><br>(ECF No. 45)<br><br>TWENTY-ONE DAY DEADLINE<br><br>WARNING CONCERNING FRIVOLOUS FILINGS |

Plaintiff William J. Gradford ("Plaintiff"), a former pretrial detainee, is proceeding *pro se* and *in forma pauperis* in this action filed pursuant to 42 U.S.C. § 1983. Three of Plaintiff's motions are pending before the Court: a motion to dismiss, (ECF No. 42), a motion to withdraw his motion to dismiss, (ECF No. 49), and a motion for a court order, (ECF No. 45). For the

1

reasons that follow, the Court recommends denying the motion to dismiss, granting the motion to withdraw the motion to dismiss, and denying the motion for a court order. *The Court further recommends warning Plaintiff that further frivolous filings may result in sanctions, up to and including dismissal of this action*.

**I.      MOTIONS TO DISMISS AND TO WITHDRAW THE MOTION TO DISMISS**

On April 16, 2021, Plaintiff filed a motion to dismiss this case and all other cases. (ECF No. 42). The motion stated that Plaintiff "[v]oluntarily dismiss[es] this case all claims and defendants," and then proceeded to include what appears to be handwritten parts of orders and docket entries in this case. (*Compare, e.g., id.* at 3 ("ORDER DIRECTING USM TO SERVE *COMPLAINT* filed on *4/16/2020* on *F. Velasco, T. Webster *, signed by Judge on 9/4/2020") *with* ECF No. 17 (substantially identical)). The motion also includes language from the Court's screening order. (*Compare* ECF No. 42 at 2 ("the Court is applying the standards for pretrial detainees. If Plaintiff was [a] convicted prisoner at the time of [the] events, the Eighth Amendment's standards will apply instead of the Four[teen]th Amendment's standards.") *with* ECF No. 10 at 8 n.3 (same after including the corrections in brackets)).

The Court noted that the voluntary dismissal appeared to arise under Federal Rule of Civil Procedure 41(a)(2) and ordered Defendants F. Velasco and T. Webster ("Defendants") to file a response. (ECF No. 43). Defendants filed a statement of non-opposition on April 22, 2021. (ECF No. 47).

Then, on April 28, 2021, Plaintiff filed a motion to withdraw his motion to dismiss. (ECF No. 49). His motion to withdraw his motion to dismiss said that "Plaintiff has simply become confused with multi[ple] cases and related cases in the courts since 2016 up to date" and alleged Defendants' counsel has retaliated against him. (*Id.* at 1).

Because Plaintiff filed this motion to withdraw the motion to dismiss before the Court acted upon it, the Court recommends denying the motion to dismiss and granting the motion to withdraw the motion. (ECF Nos. 42, 49).

However, the Court notes that Plaintiff's motion to dismiss was frivolous by his own account. It has required a response by defendants and multiple orders by this Court.  These

motions have thus put an unnecessary burden on Defendants and this Court.

**II.    MOTION FOR ORDER**

Also pending is a document entitled "Plaintiff's request effect order notice electronic filing," which Plaintiff filed on April 19, 2021. (ECF No. 45). The document appears to include handwritten portions of cover letters that are sent to Plaintiff when documents are sent to him by the clerk of court. (*See id.*) ("MIME-Ver[s]ion: 1.0 From: [email address]@caed.uscourts.gov …. This is an automatic email message generated by the CM/ECF System. Please do not respond to respond to (sic) this e-mail because the mailbox is unattended.").

This filing is frivolous. In addition, it does not request any relief and is therefore not properly a motion. The Court therefore recommends denying it. *See Melendez v. United States*, 518 U.S. 120, 126 (1996) ("[T]he term 'motion' generally means 'an application made to a court or judge for purpose of obtaining a rule or order directing some act to be done in favor of the applicant.' " (quoting Black's Law Dictionary (6th ed.) (brackets omitted)); *Tagle v. Nevada*, 2017 WL 11496980, at *1 (D. Nev. June 14, 2017) ("Tagle's Motion does not request any specific relief from the Court, let alone provide factual or evidentiary support or legal authority for his motion. Accordingly, the motion is denied."); *Tyler v. Scott*, 124 F.3d 192 (5th Cir. 1997) (table, unreported) (denying "a motion concerning jurisdiction which does not request any form of relief"); *Crenshaw v. City of Defuniak Springs*, 891 F. Supp. 1548, 1559 (N.D. Fla. 1995) ("The plaintiff's other motion … recapitulates allegations from previous motions, but does not request relief, and is denied."); *United States v. Moussaoui*, 2002 WL 1987912, at *1 (E.D. Va. July 30, 2002) ("Because this 'motion' does not request any specific relief, it is DENIED.").

Again, the Court notes that Plaintiff's frivolous filing has imposed an unnecessary burden on the Court.

**III.    WARNING REGARDING FRIVOLOUS FILINGS**

   **A.    Legal Standards**

      1.    Federal Rule of Civil Procedure 11

Federal "Rule [of Civil Procedure] 11 provides for the imposition of sanctions when a filing is frivolous, legally unreasonable, or without factual foundation, or is brought for an

3

improper purpose." *Simpson v. Lear Astronics Corp.*, 77 F.3d 1170, 1177 (9th Cir. 1996) (footnote omitted). Rule 11 sanctions may be imposed on "a showing of objectively unreasonable conduct." *In re DeVille*, 361 F.3d 539, 548 (9th Cir. 2004).

"'Although Rule 11 applies to *pro se* plaintiffs, the court must take into account a plaintiff's *pro se* status when it determines whether the filing was reasonable.'" *Warren v. Guelker*, 29 F.3d 1386, 1390 (9th Cir. 1994) (quoting *Harris v. Heinrich*, 919 F.2d 1515, 1516 (11th Cir. 1990). However, a district court "cannot decline to impose any sanction where a violation has arguably occurred simply because the plaintiff is proceeding *pro se*." *Simpson*, 77 F.3d at 1177 (citing *Warren*, 29 F.3d at 1390). In relevant part, Rule 11 reads:

> (b) *Representations to the Court*. By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> . . .
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery;
>
> . . .
>
> (c) *Sanctions*.
>
> (1) *In General*. If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation.

Fed. R. Civ. P. 11.

### 2. Inherent Authority

The Court has inherent power to sanction parties for improper conduct. *Chambers v. Nasco, Inc.*, 501 U.S. 32, 43-46 (1991); *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 766 (1980); *Fink v. Gomez*, 239 F.3d 989, 991 (9th Cir. 2001). The imposition of sanctions under the

court's inherent authority is discretionary. *Air Separation, Inc. v. Underwriters at Lloyd's of London*, 45 F.3d 288, 291 (9th Cir. 1995). The Court's "inherent power 'extends to a full range of litigation abuses.' " *Fink*, 239 F.3d at 992 (quoting *Chambers*, 501 U.S. at 46-47). However, such pre-filing orders are an extreme remedy and should rarely be used since such sanctions can tread on a litigant's due process right of access to the courts. *Molski*, 500 F.3d at 1057.

"When acting under its inherent authority to impose a sanction, as opposed to applying a rule or statute, a district court must find either: (1) a willful violation of a court order; or (2) bad faith. … [A] sanction may be awarded either for willful disobedience of a court order or when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Am. Unites for Kids v. Rousseau*, 985 F.3d 1075, 1090 (9th Cir. 2021) (citing *Roadway Exp.*, 477 U.S. at 766). Although mere recklessness is insufficient to support sanctions under the court's inherent powers, "recklessness when combined with an additional factor such as frivolousness, harassment, or an improper purpose" is sufficient. *Fink*, 239 F.3d at 993-94. A litigant may be sanctioned for acting for an improper purpose, even if the act was "a truthful statement or non-frivolous argument or objection." *Id.* at 992. "[I]nherent powers must be exercised with restraint and discretion." *Chambers*, 501 U.S. at 44.

### B. Application

Plaintiff's withdrawn motion to dismiss and his motion for a court order are both frivolous because they are objectively unreasonable. The withdrawn motion to dismiss also includes text from that appears to be from letters the clerk sent to Plaintiff and aspects of the screening order. It is not a request with any legal basis. Similarly, the motion for an order asks for no specific relief and seems to be handwritten copied text from the docket and letters from the clerk.

These are not the only frivolous filings Plaintiff has made in this case. In the month of April alone, Plaintiff filed three other frivolous documents. His request for leave, filed on April 14, 2021, (ECF No. 39), suffers from almost identical defects as does his motion for an order. Plaintiff filed a notice on April 19, 2021 that appears to be a handwritten copy of part of the table of contents of the local rules for this district. (ECF No. 44). Similarly, Plaintiff's April 22, 2021 notice is a 32-page filing, much of which appears to be a handwritten copy of parts of several

court orders and part of the form complaint for prisoners. (ECF No. 48).

Because Plaintiff has made objectively unreasonable, and thus frivolous, filings, the Court recommends issuing a warning against any further frivolous filings. Thus, the Court also recommends warning Plaintiff that further unreasonable and frivolous filings may result in sanctions. These sanctions may include an award of costs and a dismissal of this action.

IV. **CONCLUSION AND RECOMMENDATIONS**

For the foregoing reasons, it is HEREBY RECOMMENDED that:

1) Plaintiff's motion to withdraw his motion to dismiss (ECF No. 49) be GRANTED;
2) Plaintiff's motion to dismiss and motion for order (ECF Nos. 42 & 45) be DENIED; and
3) Plaintiff be warned that further litigation misconduct may result in sanctions, up to and including an award of costs and dismissal of this action.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within twenty-one (21) days after being served with these findings and recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **April 30, 2021**                    /s/ Erica P. Groj
                                              UNITED STATES MAGISTRATE JUDGE