UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| WILLIAM J. GRADFORD, | No. 1:20-cv-00543-NONE-EPG (PC) |
|---|---|
| Plaintiff, | <u>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S "MOTION TO COMPELL WHEN SAFE AND SECURE," AND "PLAINTIFF'S MOTION FOR ORDER RE ORDER CONCERNING NOTICE OF VOLUNTARY DISMISSAL" BE DENIED</u> |
| v. | |
| F. VELASCO and T. WEBSTER, | |
| Defendants. | |
| | (ECF Nos. 54, 57) |
| | <u>FOURTEEN-DAY DEADLINE</u> |

Plaintiff William J. Gradford ("Plaintiff"), a former pretrial detainee proceeding *pro se* and *in forma pauperis* in this civil-rights action brought under 42 U.S.C. § 1983, commenced this action by filing a complaint on April 16, 2020. (ECF No. 1). On May 6, 2021, Plaintiff filed two documents labeled motions: "Plaintiff's motion to compell when safe and secure," (ECF No. 54) (as in original), and "Plaintiff's request order concerning notice for voluntary [42] dismissal," (ECF No. 57) (brackets in original). Because neither requests any relief, the Court recommends denying both documents entitled motions.

The motion to compel states:

> Plaintiff William J. Gradford, a former pretrial detainee pro se and in forma pauperis, filed a document entitled 'Plaintiff request dismiss cases and all pending other cases volntar[i]ly claims and defendants' (ECF No. 43) [42] Plaintiff request

1

| | |
|---|---|
| 1 | motion to compel when safe and secure." |
| 2 | (ECF No. 54) (as in original). |

3   The other document is a handwritten copy of much of the Court's April 19, 2021 order concerning Plaintiff's April 16, 2021 motion to dismiss. (*Compare* ECF No. 43 *with* ECF No. 57). Thus, it does not request any specific relief either.

As the Court has twice informed Plaintiff before, (*see* ECF Nos. 40 & 50), a document that requests no specific relief is not a proper motion. *See Melendez v. United States*, 518 U.S. 120, 126 (1996) (quoting Black's Law Dictionary 1013 (6th ed. 1990)) ("[T]he term 'motion' generally means 'an application made to a court or judge for purpose of obtaining a rule or order directing some act to be done in favor of the applicant.' " (quoting Black's Law Dictionary (6th ed.) (brackets omitted)); *Tagle v. Nevada*, 2017 WL 11496980, at *1 (D. Nev. June 14, 2017) ("Tagle's Motion does not request any specific relief from the Court, let alone provide factual or evidentiary support or legal authority for his motion. Accordingly, the motion is denied."); *Tyler v. Scott*, 124 F.3d 192 (5th Cir. 1997) (table, unreported) (denying "a motion concerning jurisdiction which does not request any form of relief"); *Crenshaw v. City of Defuniak Springs*, 891 F. Supp. 1548, 1559 (N.D. Fla. 1995) ("The plaintiff's other motion … recapitulates allegations from previous motions, but does not request relief, and is denied."); *United States v. Moussaoui*, 2002 WL 1987912, at *1 (E.D. Va. July 30, 2002) ("Because this 'motion' does not request any specific relief, it is DENIED.").

On April 30, 2021, the Court warned Plaintiff that several of his filings have been frivolous and that further frivolous filings may result in sanctions against him, up to and including dismissal of this action. (ECF No. 50 at 3-6). Again, these two filings are objectively unreasonable. They are labeled motions but seek no specific relief. In addition, they appear in part to be copies of the Court's previous orders. In an abundance of caution, the Court will not recommend issuing sanctions at this time, because it is possible that Plaintiff had not received the Court's April 30, 2021 warning when he filed the instant documents. However, Plaintiff is warned that further frivolous filings may result in sanctions, up to and including dismissal of this action.

1     Accordingly, it is HEREBY RECOMMENDED that "Plaintiff's motion to compel when safe and secure" and "motion for order re order concerning notice of voluntary dismissal" (ECF Nos. 54 & 57) be DENIED.

    These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **May 6, 2021**            /s/ Erica P. Grosjean
                                                   UNITED STATES MAGISTRATE JUDGE