1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   WILLIAM J. GRADFORD,                   No. 1:20-cv-00543-NONE-EPG (PC)

12              Plaintiff,                   FINDINGS AND RECOMMENDATIONS
                                            THAT PLAINTIFF'S CASE BE DISMISSED
13        v.                                 WITHOUT PREJUDICE AS VOLUNTARILY
                                            DISMISSED
14   F. VELASCO, et al.,
                                            (ECF No. 65)
15              Defendants.

16

17        Plaintiff William J. Gradford is a former pretrial detainee proceeding *pro se* and *in forma*

18   *pauperis* in this civil rights action. On May 25, 2021, Plaintiff filed a motion titled "plaintiff's

19   request to dismiss this case." (ECF No. 65). Because this filing and the record demonstrate that

20   Plaintiff wishes to voluntarily dismiss this case under Federal Rule of Civil Procedure 41(a), the

21   Court recommends that this action be dismissed without prejudice.

22   **I.      BACKGROUND**

23        Plaintiff filed this lawsuit on April 16, 2020, against Deputies F. Velasco and T. Webster.

24   (ECF No. 1). Plaintiff's claims arise during his incarceration at the Stanislaus County Public

25   Safety Center, with Plaintiff asserting that the Defendants harassed and intimated him and then

26   retaliated against him after he complained about their conduct. After screening the complaint, the

27   Court found that Plaintiff sufficiently alleged "claims against Defendant[] Velasco for verbal

28   harassment in violation of the Fourteenth Amendment and Velasco and Webster for retaliation in

                                            1

violation of the First Amendment." (ECF No. 10, p. 13). After Plaintiff notified the Court that he wished to proceed only on the claims found cognizable in the screening order (ECF No. 11), this Court issued findings and recommendations consistent with the screening order (ECF No. 12), which the District Judge later adopted (ECF No. 15).

For some time, Plaintiff litigated this case primarily by filing procedurally improper, unfounded, and frivolous motions, leading the Court to warn Plaintiff of sanctions should he continue. (*See* ECF Nos. 40, 50, 58). As one example, Plaintiff filed a motion to voluntarily dismiss this case on April 15, 2021, indicating that a settlement agreement had been reached. (ECF No. 42). However, he later moved to withdraw his motion to dismiss, stating that "Plaintiff has simply become confused with multi[ple] cases and related cases in the courts since 2016 up to date" and alleged that defense counsel has retaliated against him. (ECF 49, p. 1). In recommending that Plaintiff be permitted to withdraw the motion to dismiss, the Court noted that it was yet another recent example of a frivolous filing:

> Plaintiff's withdrawn motion to dismiss . . . [is] frivolous because [it is] objectively unreasonable. The withdrawn motion to dismiss also includes text [] that appears to be from letters the clerk sent to Plaintiff and aspects of the screening order. It is not a request with any legal basis. . . .
>
> These are not the only frivolous filings Plaintiff has made in this case. In the month of April alone, Plaintiff filed three other frivolous documents. His request for leave, filed on April 14, 2021, (ECF No. 39), suffers from almost identical defects as does his motion for an order. Plaintiff filed a notice on April 19, 2021 that appears to be a handwritten copy of part of the table of contents of the local rules for this district. (ECF No. 44). Similarly, Plaintiff's April 22, 2021 notice is a 32-page filing, much of which appears to be a handwritten copy of parts of several court orders and part of the form complaint for prisoners. (ECF No. 48).

(ECF No. 50, p. 5-6). The District Judge adopted the findings and recommendations and granted Plaintiff's motion to withdraw the motion to dismiss. (ECF No. 68).

## II.    CURRENT MOTION

On May 25, 2021, plaintiff filed a document entitled "Plaintiff's request to dismiss this case." (ECF No. 65). The motion begins by referring to Plaintiff's earlier filing requesting that this case be deemed related to Plaintiff's other case, 1:18-cv-01364-DAD-GSA. under Local Rule 123 (ECF No. 4), which request this Court denied (ECF No. 7), concluding that the cases were not related. Notably, 1:18-cv-01364-DAD-GSA was terminated in January 2021, with the District

1    Court denying a motion for reconsideration in March 2021, which is a couple months before

2    Plaintiff filed his motion to dismiss in this case. Plaintiff concludes by stating "dismiss . . . this

3    case" and that "[t]his action is against Deputies F. Velasco and T. Webster at the County Public

4    Safety Center. Defendant's request to dismiss this case." (ECF No. 65, p. 2-3).

5         The same day that Plaintiff filed the motion to dismiss, Defendants filed a statement of

6    non-opposition. (ECF No. 66).

7         Because Plaintiff previously filed a motion to dismiss (ECF No. 42), which he later

8    withdrew (ECF No. 49), the Court issued an order on June 7, 2021, directing Plaintiff to clarify

9    the purpose behind the instant motion to dismiss. (ECF No. 69).  Specifically, the Court directed

10   Plaintiff to submit a notice filing within 14 days of service of the order, stating whether his filing

11   intended to voluntarily dismiss this case. The Court explained that this meant that the action

12   would be terminated from the docket without prejudice and the case would no longer continue

13   against the Defendants. Importantly, the Court warned Plaintiff that, if he failed to respond within

14   the 14-day period, it would be presumed that he intended to dismiss this case, as indicated in his

15   filing.

16        It has been more than 14 days since the issuance of this order and Plaintiff has not

17   responded to the Court's order.

18   **I.    ANALYSIS**

19        Rule 41(a)(1)(ii) permits a "plaintiff [to voluntarily] dismiss an action without a court

20   order by filing a stipulation of dismissal signed by all parties who have appeared." Although

21   Defendants did not sign a stipulation of dismissal, Defendants submitted a statement signed by

22   defense counsel saying that "Defendants do not oppose plaintiff's request to dismiss," which

23   satisfies the requirements of Rule 41(a)(1)(ii). (ECF No. 66); *see Eitel v. McCool*, 782 F.2d 1470,

24   1473 (9th Cir. 1986) ("We . . . find that the parties' oral representations to the court agreeing to a

25   dismissal with prejudice constituted a voluntary stipulated dismissal under Rule 41(a)(1)(ii).").

26   **II.    CONCLUSIONS AND RECOMMENDATIONS**

27        Accordingly, the Court HEREBY RECOMMENDS that:

28   1.  Plaintiff's motion to dismiss (ECF No. 65) be construed as a motion to voluntarily dismiss

3

1          this case under Rule 41(a)(1)(ii);

2          2. This case be dismissed without prejudice; and

3          3. The Clerk of Court be directed to close this case.

4          These findings and recommendations are submitted to the United States District Judge

5   assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen

6   (14) days after being served with these findings and recommendations, any party may file written

7   objections with the court. Such a document should be captioned "Objections to Magistrate

8   Judge's Findings and Recommendations." Any response to the objections shall be served and

9   filed within fourteen (14) days after service of the objections.

10

11  IT IS SO ORDERED.

12      Dated:   **July 1, 2021**                    /s/ _Erica P. Grosjean_

13                                                  UNITED STATES MAGISTRATE JUDGE