UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM J. GRADFORD,<br><br>          Plaintiff,<br><br>     v.<br><br>F. VELASCO, et al.,<br><br>          Defendants. | No. 1:20-cv-00543-DAD-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO REOPEN THIS CASE<br><br>(Doc. No. 74) |

Plaintiff William J. Gradford is a former pretrial detainee who filed this civil rights action on April 16, 2020, pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On July 1, 2021, the assigned magistrate judge issued findings and recommendations, recommending that this case be dismissed without prejudice as voluntarily dismissed and provided the parties fourteen (14) days to file any objections. (Doc. No. 70.) After no timely objections were filed, this court adopted the findings and recommendations on August 2, 2021, and this case was closed. (Doc. No. 71.)

On September 20, 2021, plaintiff filed a document titled "objections due process clause," which the court construed as objections to the magistrate judge's findings and recommendations. (Doc. No. 72.) These objections were untimely, and they also failed to state any coherent objections or provide any reason for the court to reopen the case. Accordingly, the court declined

1

to reopen this case. (Doc. No. 73.) Then, on October 25, 2021, plaintiff filed a motion to reopen the case. (Doc. No. 74.) Therein, plaintiff once again fails to state any coherent reasoning for why the court should reopen this case.

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court. Rule 60(b) permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3) fraud . . . of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied . . . or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b).

Reconsideration of a prior order is an extraordinary remedy "to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F. 3d 877, 890 (9th Cir. 2000) (citation omitted); *see also Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (addressing reconsideration under Rule 60(b)). In seeking reconsideration under Rule 60, the moving party "must demonstrate both injury and circumstances beyond his control." *Harvest*, 531 F.3d at 749 (internal quotation marks and citation omitted).

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted) (emphasis in original). Further, Local Rule 230(j) requires, in relevant part, that a movant show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown" previously, "what other grounds exist for the motion," and "why the facts or circumstances were not shown" at the time the substance of the order which is objected to was considered.

Plaintiff's motion does not identify any basis under Rule 60 upon which this court should reconsider its order dismissing this action. Plaintiff has not set forth facts or law providing a

basis upon which the court should reverse its prior decision. Therefore, plaintiff's motion for reconsideration (Doc. No. 74) will be denied.

Accordingly,

1. Plaintiff's motion to reopen the case (Doc. No. 74) is denied;
2. The court will not consider any further filings and will not issue any further orders in this closed case; and
3. This case remains closed.

IT IS SO ORDERED.

Dated: __**January 26, 2022**__   _____/s/ Dale A. Drozd_____
UNITED STATES DISTRICT JUDGE

3